IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER COSTA, M.D., | ) | CASE NO. 4:05 cv 3248 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | |
| U. S. Department of Health and | ) | COMPLAINT |
| Human Services, and his Successors; | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES; | ) | |
| and the NATIONAL PRACTITIONER | ) | |
| DATA BANK, an Entity of and Run by | ) | |
| the U.S. Department of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendants. | ) | |

## Jurisdiction and Venue

1.  Jurisdiction in this court is based on 5 U.S.C. § 701 et seq. (Administrative Procedures Act) and 28 U.S.C. § 1331 (federal question) in that this complaint involves final agency action made reviewable by statute for which there is no other adequate remedy in a court of competent jurisdiction.

2.  Venue is based on 28 U.S.C. § 1391(e) in that a substantial part of the events giving rise to the underlying claim occurred in Nebraska and plaintiff is a resident of Nebraska.

## Parties

3.  Plaintiff is a resident of Gothenburg, Dawson County, Nebraska. Plaintiff was the subject of an Adverse Action Report filed with the National Practitioner Data Bank by John Johnson, a hospital administrator for Gothenburg Memorial Hospital in Gothenburg, Nebraska.

4.  Defendant Michael O. Leavitt is the Secretary of Health and Human Services (Secretary), duly appointed, qualified and acting as the administrative head of such agency. As

1

such, he is responsible for its acts including the Secretarial Review Decision issued by the Department of Health and Human Services on August 24, 2005.

5. Defendant United States Department of Health and Human Services is the federal agency designated under the Health Care Quality Improvement Act of 1986, as amended, 42 U.S.C. § 11101 et seq. (HCQIA) to handle and oversee the receipt and filing of reports from health care entities such as Gothenburg Memorial Hospital which reports are mandatory under HCQIA and include Adverse Action Reports.

6. Defendant National Practitioner Data Bank is an entity of and run by the United States Department of Health and Human Services.

### Facts

7. Pursuant to the HCQIA, certain information related to a physician's licensure, privileges, credentials and adverse medical malpractice claims must be reported to the National Practitioner Data Bank (Data Bank). The Data Bank functions as a clearinghouse to obtain and disseminate information on adverse actions taken against a physician

8. On or about July 21, 2004, John Johnson, (Johnson) filed an Adverse Action Report with the Data Bank in which Johnson claimed that plaintiff had surrendered his clinical privileges at the Gothenburg Memorial Hospital (GMH) while under investigation by a state agency.

9. On or about July 30, 2004, plaintiff was notified of the Adverse Action Report (NPDB Report 5500000034272447).

10. On or about August 10, 2004, plaintiff submitted a responsive Subject Statement to the Data Bank and placed Report 5500000034272447 in disputed status challenging both the

factual accuracy of the report and whether the report was submitted in accordance with the Data Bank's reporting requirements.

11. On or about August 10, 2004, plaintiff requested that Johnson and GMH retract or void the Adverse Action Report. After Johnson and GMH refused to retract or void the report, plaintiff, on or about October 5, 2004, sought Secretarial Review of the disputed report.

12. On or about November 29, 2004, Johnson and GMH were instructed by Dispute Resolution Manager Joyce Ann Brentley, J.D., LL.M., to void or correct the disputed Adverse Action Report.

13. On or about March 10, 2005, Johnson and GMH were again instructed by Joyce Ann Brentley to void or correct the disputed Adverse Action Report.

14. On or about April 6, 2005, Johnson submitted to the Data Bank a Correction Report - 5500000037166652.

15. On or about April 19, 2005, plaintiff submitted a responsive Subject Statement to the Data Bank and placed Report 5500000037166652 in disputed status challenging both the factual accuracy of the report and whether the report was submitted in accordance with the Data Bank's reporting requirements.

16. On August 24, 2005, the Secretary issued its Secretarial Review Decision finding and ordering that Report 5500000037166652 was accurate and should have been filed. Plaintiff's request that Report 5500000037166652 be voided was denied. Said Secretarial Review Decision constitutes the agency's final order.

17. As a result of the foregoing action by the Secretary, the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision have been entered in the Data

Bank for dissemination to all entities or queriers who have received a Data Bank report concerning plaintiff in the past three years. Further, the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision will be disseminated to all future entities or queriers who request a Data Bank report on plaintiff.

18. As a result of the dissemination of the foregoing Data Bank report, and unless enjoined by this court, plaintiff has and will suffer great and irreparable harm to his reputation, property, business, trade, profession, or occupation, as well as harm to his present and future business and professional relationships with hospitals, clinics, PPO/HMO credentialing entities, and other such individuals and entities.

19. Plaintiff has exhausted all administrative remedies available to him, and no further right of agency review or appeal is available to plaintiff before HHS or the Data Bank.

### Claim

20. Plaintiff incorporates herein as if fully set forth at this point, the allegations contained in paragraphs 1 through 19.

21. Defendants' actions with regard to Adverse Action Report 5500000037166652 (Correction Report) were unlawful in that said actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. More specifically, HHS's review of the disputed Correction Report was improper as a more thorough examination by HHS would have revealed that neither of the predicate conditions for a Data Bank report, as established by § 11133 of the HCQIA was present.

WHEREFORE, plaintiff prays:

4

A.  That this court find the actions of defendants to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

B.  That this court find and order that the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision be removed from the Data Bank and all past queriers be notified of such removal.

C.  That this court enjoin the defendants and their successors from disseminating the information found in the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision to any future queriers.

D.  That this court award plaintiff his costs and attorney fees.

E.  That this court grant such other and further relief as the court deems just and proper.

CHRISTOPHER COSTA, M.D., Plaintiff

BY: _____
Sally A. Rasmussen, #19019
Attorney for Plaintiff
KNUDSEN, BERKHEIMER,
RICHARDSON & ENDACOTT, LLP
1248 O Street, #1000
Lincoln, NE 68508
402/475-7011
Fax: 402/475-8912
E-mail: srasmussen@knudsenlaw.com

STATE OF NEBRASKA )
) ss.
COUNTY OF DAWSON )

Christopher Costa being upon oath first duly sworn, deposes and states that he is the plaintiff in the above-captioned complaint, that he has read the foregoing complaint, knows the contents thereof, and that the facts therein contained are true.

                                      Christopher Costa, Plaintiff

Subscribed and sworn to before me on September 22, 2005, by Christopher Costa, an individual who is personally known to me or who produced satisfactory identification.

GENERAL NOTARY - State of Nebraska
CYNTHIA K. SOLLER
My Comm. Exp. May 15, 2009

                  Notary Public