IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER COSTA, M.D., | ) | CASE NO. 4:05CV3248 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | BRIEF IN SUPPORT OF |
| U. S. Department of Health and | ) | PLAINTIFF'S MOTION FOR |
| Human Services, and his Successors; | ) | ATTORNEY FEES |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES; | ) | |
| and the NATIONAL PRACTITIONER | ) | |
| DATA BANK, an Entity of and Run by | ) | |
| the U.S. Department of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendants. | ) | |

PROCEDURAL BACKGROUND

Plaintiff filed this action under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. (APA) Plaintiff was the prevailing party in the above-captioned case and final judgment has been entered in his favor. (Filing No. 40) (Filing No. 41) Plaintiff has moved the court for attorney fees pursuant to 28 U.S.C. § 2412(d), Fed.R.Civ.P. 54(d)(2), and NECivR 54.3.

DISCUSSION

The general rule with regard to attorney fees in federal courts is that "in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978) citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975). However, the Equal Access to Justice Act, 28 U.S.C.A. § 2412(b) (West 1994), allows for fees in cases such as this. See Doe v. Chao, 435 F.3d 492, 505 (4th Cir. 2006). Under 28 U.S.C. § 2412(b), a plaintiff is

1

entitled to attorney fees as a prevailing party as follows:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

The statute further provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

"A primary purpose in enacting the EAJA ... was to remove the obstacle of litigation expenses, including attorneys' fees, so that litigants may challenge unreasonable governmental action and vindicate their rights in court." Crooker v. EPA, 763 F.2d 16, 17 (1st Cir.1985).

The "United States" is defined by 28 U.S.C. § 2412(d)(2)(C) to include "any agency and any official of the United States acting in his or her official capacity." In the case at bar, the complaint named as defendants a United States agency, the U.S. Department of Health and Human Services, and an official of the United States acting in his or her official capacity, Michael O. Leavitt, the Secretary of the U.S. Department of Health and Human Services. (Filing No. 1)

Plaintiff is the prevailing part in the above-captioned case.  A plaintiff is a prevailing party if entitlement to some relief on the merits of one or more claims is established. Hensley v.

Eckerhart, 461 U.S. 424, 433 & n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In the case of Gutz v. U.S., 45 Fed.Cl. 291 (1999), judgment on a motion for summary judgment was sufficient to make the plaintiff the prevailing party for a request for attorney fees under 28 U.S.C. § 2412. 28 U.S.C. § 2412(d)(1)(A).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), defendants have the burden of proving their position was substantially justified. The test is one of reasonableness with discretion given to the district court's decision. Moseanko v. Yeutter, 944 F.2d 418, 427 (8th Cir. 1991). The United States Supreme Court in Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) defined "substantially justified" as having a "reasonable basis both in law and fact," or being "justified in substance or in the main." A government's position or decision can be substantially justified even though incorrect in the end if a reasonable person could view the position as correct. U.S. S.E.C. v. Zahareas, 374 F.3d 624, 626 (8th Cir. 2004). Based upon the administrative record herein, the federal law governing the filing and substantiation of Adverse Action Reports to the National Practitioner Data Bank (Data Bank), and this court's Memorandum and Order (Filing No. 40), the decision of defendant Secretary of Health and Human Services, Michael O. Leavitt, to not remove the Adverse Action (Correction) Report from the Data Bank was not "substantially justified." Similarly, the position taken by defendants in this administrative appeal was not substantially justified.

## CONCLUSION

Plaintiff has provided the court with affidavits which support the reasonableness and necessity of the fees requested. Plaintiff respectfully requests that the court enter an order awarding reasonable attorney fees to plaintiff in the amount of $7,093.50.

                                        CHRISTOPHER COSTA, M.D., Plaintiff

BY:    s/ Sally A. Rasmussen\
           Sally A. Rasmussen, #19019\
           KNUDSEN, BERKHEIMER,\
           RICHARDSON & ENDACOTT, LLP\
           1248 O Street, #1000\
           Lincoln, NE  68508\
           402/475-7011\
           srasmussen@knudsenlaw.com

### Certificate of Service

The undersigned attorney hereby certifies that on August 9, 2006 a true and correct copy of the foregoing Brief was served upon defendants' attorney, Paul D. Boeshart, by electronic filing.

BY:    / Sally A. Rasmussen\
           Sally A. Rasmussen, #19019